# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-14-00354-CV

**Meera Singh and Sam Houston, Appellants**

**v.**

**Federal National Mortgage Association a/k/a Fannie Mae, Appellee**

## FROM THE COUNTY COURT AT LAW NO. 4 OF WILLIAMSON COUNTY
## NO. 14-0635-CC4, HONORABLE JOHN McMASTER, JUDGE PRESIDING

## O R D E R

**PER CURIAM**

This cause is an appeal from a judgment against debtors in a forcible entry and detainer case. Since perfecting their appeal in early June, the appellants, who are pro se, have attempted to file numerous documents that are in the nature of either briefs on the merits or motions concerning preliminary procedural matters. Many of these documents have not complied with the requirements of the Texas Rules of Appellate Procedure, including conference and signature requirements; consequently, our Clerk has marked them "received" rather than filing them.

In an effort to clarify the status of this appeal for the benefit of all parties and achieve some progress toward final disposition, we have ordered our Clerk to file appellants' documents notwithstanding the defects and will now proceed to act on them. Several of these documents seek some sort of relief based on an assertion by appellants that they are entitled to proceed without advance payment of fees and costs because, they insist, they have filed an uncontroverted affidavit of

indigency. Among other actions they demand, appellants seek to compel provision of the appellate record free of charge or without prepayment. Although the clerk's record has already been provided to us despite appellants' failure to pay for it, the reporter's record has not.

The clerk's record reveals that while appellants filed an affidavit of indigency in the justice court, they have not filed any such affidavit in connection with their appeal, as they were required to do in order to proceed as indigents at this stage.[1] Absent compliance with this requirement, appellants are not entitled to proceed without prepayment of fees and costs, and we overrule all of their pending requests for relief predicated on that claim, specifically including any demanding a reporter's record free of charge or without prepayment. Although the nature or intent of appellants' submissions are sometimes difficult to discern, those that appear to seek such relief include (although are not necessarily limited to) "Appellant's Request Court to Take Judicial Notice," "Appellant's Move This Court for its Order for the CC4 Clerk to Forward the Entire Record and Transcript,"and "Appellant's Appeal Trial Court Denying Pauperis Status as Punitive and Intentional."[2] Likewise, absent any entitlement to proceed as indigents, appellants remain liable for filing fees in this Court related to their notice of appeal and subsequent motions, as well as any other costs of court.

---

[1] *See* Tex. R. App. P. 20.1(c) ("An appellant must file the affidavit of indigence in the trial court with or before the notice of appeal. The prior filing an affidavit of indigence in the trial court pursuant to Texas Rule of Civil Procedure 145 does not meet the requirements of this rule, which require a separate affidavit and proof of current indigence," with an exception not applicable here).

[2] We have previously overruled an additional motion predicated on appellants' claimed indigent status, "Defendant Houston's Motion to Compel Release of Transcript to the Court of Appeals at No Cost."

Some of appellants' submissions also seem to complain of the amount of the supersedeas bond set by the trial court.[3]  To the extent appellants are intending to challenge the amount of this bond through a motion under Rule of Appellate Procedure 24.4,[4] they have not demonstrated their entitlement to relief.  Accordingly, we overrule any such motion or motions.[5]

This leaves a series of filings that appellants have styled "Supplemental Memorand[a] of Law in Support of Opening Brief," as well as a "Plea to the Jurisdiction." Although titled "Supplemental Memorand[a]," these filings are collectively in the nature of an opening brief, evidently were intended to serve that purpose, and we will treat them as such.  Accordingly, appellee's brief is due (barring any extensions or other delays) on or before October 2, 2014, which is the thirtieth day after the date appellants' opening brief or briefs was filed with this Court.[6]  We will carry appellants' "Plea to the Jurisdiction" to decide with the merits, and appellee can address that request for relief in its brief or a separate prior or contemporaneous response.  Following this opportunity for responsive briefing, we will submit the cause for decision.

---

[3] *See* Tex. Prop. Code § 24.007; Tex. R. App. P. 24.2(a)(2).  We note that when setting the bond, the trial court found explicitly that appellants "are not indigent persons."

[4] *See* Tex. R. App. P. 24.4.  Appellants have also cited 24.4 repeatedly in connection with a panoply of other appellate complaints unrelated to the supersedeas bond.  Our jurisdiction to review those other issues was already invoked by appellants' notice of appeal.  *See id*. R. 25.

[5] We have previously overruled "Appellant's Combined Application for a Protective Order," which, while referring to the supersedeas bond and seeking a stay of the ongoing eviction process, consisted entirely of unsupported accusations of "corruption," "arrogance," or "[in]competence" among the opposing party and counsel, various local officials, and "the foreclosure system in Texas."

[6] *See id*. R. 38.6(b).

**IT IS SO ORDERED** on September 8, 2014.


Before Justices Puryear, Pemberton, and Field